UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

NAZIRY KMET,

                Plaintiff,                Case No. 1:20-cv-438

v.                                       Honorable Janet T. Neff

SECRETARY OF THE DEPARTMENT OF
HOMELAND SECURITY et al.,

                Defendants.
_____/

**OPINION**

This is a civil rights action brought by a federal prisoner under under *Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics*, 403 U.S. 388 (1971). Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). After careful review of Plaintiff's allegations, the Court will dismiss Plaintiff's complaint for failure to state a claim.

**Discussion**

**I.  Factual allegations**

Plaintiff is presently incarcerated at the Calhoun County Correctional Center. Plaintiff sues the Secretary of the Department of Homeland Security (DHS), the Director of U.S.

Immigration and Customs Enforcement (ICE), ICE Officer Unknown Gillespie, and ICE Officer Unknown Stevenson.

Plaintiff asserts that he is a lawful permanent resident in the United States. In the instant case, Plaintiff states that ICE issued a "Warrant for Arrest of Alien" and "Immigration Detainer – Notice of Action" on December 13, 2019, while Plaintiff was confined at the North Lake Correctional Facility in Baldwin, Michigan. The warrant was served on Plaintiff by Defendant Gillespie on December 18, 2019. The warrant, which is attached to the complaint as an exhibit, was signed by Defendant Stevenson and indicates that he had determined that there was probable cause to believe that Plaintiff is removable from the United States. (ECF No. 1-1.) This determination is based upon biometric confirmation of Plaintiff's identity and a records check of federal databases that affirmatively indicate by themselves or in addition to other reliable information, that Plaintiff either lacks immigration status or notwithstanding such status is removable under U.S. immigration law; and/or that Plaintiff voluntarily made statements that affirmatively indicate he is removable under U.S. immigration law. *Id.* The notice of action instructed the North Lake Correctional Facility to maintain custody of Plaintiff for a period not to exceed 48 hours beyond the time when he would otherwise be released in order to allow DHS to assume custody of Plaintiff. (ECF No. 1-2.)

Plaintiff claims that his status as a lawful permanent resident cannot change unless an immigration judge determines that such status should be revoked. Plaintiff states that ICE's issuance of detainers based on information contained in inaccurate, incomplete, and error-filled databases violates the Fourth Amendment. Plaintiff alleges that he faces days of unconstitutional imprisonment as a result of an immigration detainer.

Plaintiff seeks an end to the practice of ICE officers determining probable cause and issuing detainers based on these problematic databases. Plaintiff seeks a permanent injunction ending this practice, and asks the Court to declare the warrant and detainer which were issued against him to be invalid.

Plaintiff has also filed a petition pursuant to 28 U.S.C. § 2241 in this Court, which challenges his ICE immigration detainer. *See Kmet v. Secretary of the Dept. of Homeland Security, et al.*, Case No. 1:20-cv-18 (W.D. Mich.). A report and recommendation was issued in that case on May 18, 2020, and objections have been filed by Mr. Kmet. *Id.* at ECF Nos. 17 and 21. The case currently remains pending in this Court.

## II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not

3

'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

### III. Cognizability of claim as a *Bivens* action

In *Bivens*, 403 U.S. 388, the Supreme Court recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights. *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001). This implied cause of action is "the federal analog to suits brought against state officials" under 42 U.S.C. § 1983. *Hartman v. Moore*, 547 U.S. 250, 254 n.2 (2006). To state a claim that is cognizable in a *Bivens* action, the plaintiff must plead two essential elements: first, that he has been deprived of rights secured by the Constitution or laws of the United States, and second, that the defendants acted under color of federal law. *Bivens*, 403 U.S. at 397. "A *Bivens* remedy is available only if (1) there are no 'alternative, existing process[es]' for protecting a constitutional interest and, (2) even in the absence of an alternative, there are no 'special factors counselling hesitation before authorizing a new kind of federal litigation.'" *Left Fork*, 775 F.3d at 774 (quoting *Wilkie*, 551 U.S. at 550). "When the design of a Government program suggests that Congress has provided what it considers adequate remedial mechanisms for constitutional violations that may occur in the course of its administration, we have not created additional *Bivens* remedies." *Schweiker v. Chilicky*, 487 U.S. 412, 423 (1988)). Thus, "[s]o long as the plaintiff had an avenue for some redress, bedrock principles of separation of powers foreclosed judicial imposition of a new substantive liability." *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 69 (2001) (citation omitted).

Plaintiff states that he is seeking an injunction preventing Defendants from using unreliable databases for the issuance of warrants and detainers, as well as an invalidation of the

4

warrant and detainer issued on him. As support for this claim, Plaintiff states that he is facing additional time in prison as a result of this unconstitutional conduct.

Although Plaintiff does not specifically state that he is seeking release from incarceration, the relief being sought by Plaintiff clearly implicates the fact or duration of his confinement. Section 2241 authorizes district courts to issue a writ of habeas corpus to a state or federal prisoner who is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Where a prisoner is challenging the very fact or duration of his physical imprisonment and the relief that he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a petition for writ of habeas corpus. *See Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973). Because there is an alternative existing process for protecting the right being asserted by Plaintiff in this action, a *Bivens* remedy is unavailable to Plaintiff.

In addition, although Plaintiff claims that Defendants' issuance of the warrant and detainer were based on unreliable databases, it is clear that the warrant and detainer were issued on the basis of Plaintiff's guilty plea and subsequent convictions. Plaintiff was convicted of submitting more than $6 million in fraudulent Medicare claims, leading to approximately $1.9M in payouts. *United States v. Kmet*, 667 F. App'x 357, 358 (3d Cir. 2016). As a result, Plaintiff was sentenced to 72 months imprisonment. *Id.* Both of these may make a lawful permanent resident removable. *See* 8 U.S.C. §§ 1101(a)(43)(M)(i), 1227(a)(2)(A)(iii). Because there is no indication that issuance of a detainer based on improper reliance on databases has caused any harm to Plaintiff, he cannot show that he has been deprived of rights secured by the Constitution or laws of the United States as required by *Bivens*. *Id.*, 403 U.S. at 397. Therefore, Plaintiff's *Bivens* action is properly dismissed.

**IV. Pending motion**

On July 20, 2020, Plaintiff filed a motion for order for home confinement (ECF No. 7). However, because Plaintiff's complaint is properly dismissed for lack of merit, his pending motion is moot.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, 28 U.S.C. §§ 1915(e)(2), 1915A, the Court determines that Plaintiff's complaint will be dismissed for failure to state a *Bivens* claim. The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Although the Court concludes that Plaintiff's claims are properly dismissed, the Court does not conclude that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court does not certify that an appeal would not be taken in good faith. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

An order and judgment consistent with this opinion will be entered.

Dated:   July 23, 2020                         /s/ Janet T. Neff
                                               Janet T. Neff
                                               United States District Judge

6